Per Curiam.
 

 The evidence of the woman is conclusive as to the person to be charged with maintenance of the child. 1741, ch. 14, § 10. Upon her oath, “
 
 Such person so accused shall be adjudged the reputed father of such child or
 
 children,-
 
 and stand charged with the
 
 maintenance,” &c. The person so charged is undeniably fixed. He can never be received to aver the contrary. He is estopped by the judgment of the law, declaring him to be the father. If an issue be made up, and the jury find he is not the father, still he is so in legal contemplation. The fact is ascertained by the proper tribunal, the two justices. Any other authorities, not constituted for the purpose by the law of 1741, have no right to interfere. The court has no right to submit to a jury any but this conclusive testimony, if indeed a jury could be called on to try the question. Can it be permitted to overturn a' conclusive adjudication, by testimony of inferior dignity ? When another tribunal and trial, not designated by law, shall have established a contrary fact, namely, that the person accused is not the father, who then is to maintain
 
 *447
 
 the child ? There is none left but the public, and thus the very object of the law is defeated. No contrary evidence or other trial of any sort can establish the position that the person so charged is not the father. .
 

 * It is argued that the person who marries the woman before the birth of the child is to be reputed the father. This is legal presumption, which remains until the contrary be established by proof. The prior legal adjudication, that the person accused is the father, is not liable to be disproved by evidence of a contrary tendency. It is legally adjudged already, past all future inquiry, that he is the father. The proof only affects the accused person. It has no influence upon the child born in wedlock. It is as to him
 
 ex farte.
 
 His mother cannot disinherit him by swearing to his illegitimacy. He is no way concerned with this question. Suppose the husband himself be a pauper; shall the adjudged father be free from maintaining the child, and the public be charged? Or suppose he die insolvent; shall the real father be exonerated at the expense of the public ? Or suppose the death of the husband, though a man of property, yet disposing of his property to others, and leaving nothing for the child’s maintenance. The indemnity of the public would be completely superseded by a rule of the common law, framed without any view to the case provided for by the act of Assembly, and for purposes connected with the objects of the act.
 

 The County Court acted properly in directing the person charged to be bound to perform such orders as that court should make from time to time. They may order sums of money to be paid to such persons as may seem to the court to be entitled to .receive them: the physician, the midwife, the supplier of necessaries, the maintenance of the child, or the mother who has defrayed the expenses, or any of them.
 

 The judgment of the Circuit Court must be reversed, and the proceedings of the County Court remain as they were before the appeal to the Circuit Court.
 

 See
 
 Steele
 
 v.
 
 Register,
 
 3 Hay. 37; King’s Digest, 1156.